UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERLIS ATALAYA SALAS, A-245-431-534,<br><br>              Petitioner,<br><br>      v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>              Respondents. | No.  1:26-cv-3143 DC AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.      Factual Background

Petitioner is a native and citizen of Peru who entered the United States on November 4, 2023.  ECF No. at 1 at 5, 28.  At that time he was detained, and on November 6, 2023, he was issued a Notice to Appear and released from custody on his own recognizance.  Id. at 28, 33.  On December 26, 2023, petitioner filed an I-589 Application for Asylum, Withholding of Removal, and Withholding of Removal under the Convention Against Torture.  Id. at 6, 74-86.  Since his release, petitioner has resided in Utah and was working as a roofing contractor at the time of his re-detention.  Id. at 6.  At some point, petitioner was re-detained by Immigration and Customs Enforcement (ICE) and has not been provided an individualized custody review.  Id. at 2.  His request for a bond redetermination was denied on the ground that the immigration judge did not

1

have jurisdiction because petitioner was mandatorily detained under 8 U.S.C. § 1225.  Id. at 5-6, 89-90.  Petitioner asserts that his only criminal history involves minor traffic-related violations.  Id. at 6, 57-67.

II.    Procedural History

On April 24, 2026, petitioner filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention.  ECF No. 1.  The petition asserts that petitioner's continued detention under § 1225 violates the Immigration and Nationality Act because he is subject to § 1226(a); his detention violates due process because he is being held without an individualized determination as to whether he is a flight or safety risk; his detention violates the Administrative Procedures Act; the denial of a bond hearing violates the governing regulations; and his arrest violated the Fourth Amendment.  Id. at 14-22.

On April 28, 2026, the undersigned ordered respondents to respond to the petition and directed them to "substantively address whether there are any factual or legal issues that materially distinguish this case from Labrador-Prato v. Noem, No. 1:25-cv-1598 DC SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), Selis Tinoco v. Noem, No. 1:25-cv-1762 DC JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), Cesar Luis v. Warden, No. 1:26-cv-1823 DC SCR, 2026 WL 700713 (E.D. Cal. March 12, 2026), and other similar cases previously decided by this court."  ECF No. 6.  The response consists of only generic arguments that petitioner is subject to mandatory detention under § 1225(b) and fails to address whether this case is distinguishable from Labrador-Prato, Selis Tinoco, Cesar Luis, or any other similar cases.  ECF No. 9.

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence.  Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV.    Discussion

Respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in Labrador-Prato v. Noem, 2025 WL 3458802; Selis Tinoco v. Noem, 2025 WL 3567862; Cesar Luis v. Warden, 2026 WL 700713; or any other similar cases previously decided by this court.  Considering the facts of this case and respondents' failure to distinguish this case in any way, the undersigned adopts and incorporates by reference the reasoning in Labrador-Prato v. Noem, Selis Tinoco v. Noem, and Cesar Luis v. Warden and finds that petitioner's re-detention without a hearing before a neutral adjudicator where the government would be required to justify his re-detention by clear and convincing evidence violates due process.  Because relief is appropriate on this claim, the court declines to address petitioner's other claims, as they seek the same or similar relief (i.e., petitioner's immediate release).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

    a.  Respondents shall IMMEDIATELY RELEASE petitioner Derlis Atalaya Salas, A-245-431-534, with the same conditions he was subject to immediately prior to his re-detention.  At the time of release, respondents must return all of petitioner's documents and possessions.

    b.  Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

    c.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

    d.  The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

3

2.   Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his re-detention.

3.   The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 26, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4